[Cite as *State v. McGinnis*, 2016-Ohio-1362.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-096** |
| JOSHUA MCGINNIS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 15 CR 000043.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer*, Lake County Public Defender, and *Vanessa R. Clapp*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}  Appellant, Joshua McGinnis, appeals the judgment entry issued by the Lake County Court of Common Pleas sentencing him to forty years in prison.  For the reasons that follow, we affirm the judgment of the trial court.

{¶2}  On January 23, 2015, appellant was indicted on 12 counts of rape involving four different victims.  The charges stem from appellant's unlawful sexual

conduct, by force or threat of force, with his ex-wife and three female minors: his sister; his cousin; and his step-daughter.

{¶3}   Appellant initially entered a plea of "not guilty" to each count.  At a change of plea hearing on July 2, 2015, appellant entered pleas of guilty to four counts of rape, first-degree felonies in violation of R.C. 2907.02(A)(2).  A sentencing hearing was held on July 29, 2015, and appellant was subsequently sentenced to ten years in prison on each count of rape, to be served consecutive to each other, for a total of 40 years imprisonment.  Appellant's sentence was also ordered to be served consecutive to a sentence he was already serving in Cuyahoga County Case No. CR-12-560516.

{¶4}   Appellant timely appealed the entry of sentence and asserts one assignment of error for our review:

{¶5}   "The trial court erred by sentencing the defendant-appellant to a maximum and consecutive forty-year prison term."

{¶6}   Appellant contends his sentence is contrary to law because the trial court's factual findings under R.C. 2929.12 are not supported by the record. Specifically, he argues the trial court did not consider any mitigating factors found in the statute.

{¶7}   This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.  *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14.  R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the

2

sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8} A court imposing a felony sentence is required to consider seriousness and recidivism factors found in R.C. 2929.12. The trial court, however, "is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12.)'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000); *see also State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34. Further, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶9} Appellant contends the trial court failed to consider the fact that he was a victim of extensive sexual abuse as a child, as well as emotional, physical, and psychological abuse, and that he repeatedly expressed genuine remorse. Further, with regard to the likelihood of recidivism, appellant asserts "[t]he trial court's statements demonstrate a total lack of understanding regarding the report of its own court psychologist." The psychological evaluation indicated that appellant's risk of recidivism was "moderate, at least," due to the fact that there were multiple concurrent victims,

ranging from young children to adults. The trial court stated that he "[didn't] have the slightest idea what that stuff means," referring to studies and statistics, because he "[doesn't] have a crystal ball." In context, the trial court was explaining to appellant that it was ultimately required to "balance punishment and rehabilitation" while taking into consideration appellant's risk to re-offend. The trial court made clear to appellant that it took very seriously, and was not discounting, the fact that appellant's own sexual abuse may have led him down this path. The trial court indicated, however, that fact alone simply did not outweigh the factors that weighed in favor of a lengthy and consecutive sentence.

{¶10} Contrary to appellant's position on appeal, the record demonstrates that the trial court fully considered the seriousness and recidivism factors in R.C. 2929.12, including those that might mitigate against a lengthy sentence. Before handing down the sentence, the trial court set forth an extensive colloquy regarding the factors it found relevant to its decision. The trial court found the following factors outweighed the effect of any possible mitigating factors: (1) the number of victims, (2) the age of the victims, (3) the serious physical and psychological harm appellant caused the victims, (4) appellant was in a position of trust and dominance with the victims, (5) appellant bribed the victims and used implicit threats of harm, (6) appellant has not responded favorably to past sanctions, and (7) it did not believe appellant was genuinely remorseful.

{¶11} Finally, in its judgment entry of sentence, the trial court stated that it considered "the purposes and principles of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." "This suggests the trial court did, in fact, consider the requisite statutory factors." *State v. Goodnight*,

4

11th Dist. Lake No. 2008-L-029, 2009-Ohio-2951, ¶17, citing *State v. Kearns*, 11th Dist. Lake No. 2007-L-047, 2007-Ohio-7117, ¶10.  Based on the foregoing, we hold that the sentence entered by the trial court is not contrary to law.

{¶12} Appellant's sole assignment of error is without merit.

{¶13} For the reasons stated in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.