[Cite as *State v. Simpson*, 2016-Ohio-7746.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-014** |
| CODY R. SIMPSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 15 CR 000588.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*George G. Keith*, 135 Portage Trail, P.O. Box 374, Cuyahoga Falls, OH 44223 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Cody R. Simpson, appeals from the January 7, 2016 judgment of sentence entered by the Lake County Court of Common Pleas. At issue on appeal is whether appellant entered his guilty plea voluntarily; whether his trial counsel rendered ineffective assistance at sentencing; and whether the trial court imposed an excessive prison sentence. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On August 31, 2015, appellant was charged by way of an eleven-count indictment: two counts of Criminal Damaging or Endangering, second-degree misdemeanors, in violation of R.C. 2909.06(A)(1); one count of Breaking and Entering, a fifth-degree felony, in violation of R.C. 2911.13(A); four counts of Burglary, second-degree felonies, in violation of R.C. 2911.12(A)(2); one count of Burglary, a third-degree felony, in violation of R.C. 2911.12(A)(3); one count of Safecracking, a fourth-degree felony, in violation of R.C. 2911.31(A); one count of Theft of Drugs, a fourth-degree felony, in violation of R.C. 2913.02(A)(1); and one count of Possessing Criminal Tools, a fifth-degree felony, in violation of R.C. 2923.24(A).

{¶3} Appellant ultimately entered into a plea agreement with appellee, the state of Ohio, and pled guilty to two counts of Criminal Damaging or Endangering (Counts 1 and 2); one count of Breaking and Entering (Count 3); three counts of Burglary in the second degree (Counts 4, 5, and 10); and one count of Burglary in the third degree (Count 8). The state moved to dismiss the remaining counts of the indictment.

{¶4} At the plea hearing, the prosecution stated the evidence would show that around 2:30 a.m. on July 9, 2015, in the city of Mentor, appellant struck and ran over six mailboxes on Green Valley Drive and Wayside Drive with his Ford F-150 truck. He then drove to Kathleen Drive, where he ran over six more mailboxes with his truck. Appellant then broke into the City of Mentor Morton Pool concession stand, which was unoccupied at the time, and stole $30 worth of candy. Appellant left the area in his truck and drove to Hollycroft Lane. He broke into the home of James and Michelle Bernot through a garage window and stole a roll of quarters from a vehicle in the garage. Appellant entered the residence and fled when he was confronted by Mr.

2

Bernot. Appellant then broke into the home of Brian Bradley, who was asleep, and took $100 from a wallet and some items from the house. Mr. Bradley also discovered a bedroom safe had been removed to the garage, where he found someone had unsuccessfully attempted to make entry with garden tools. Next, appellant broke into Andrew Charielle's home, which was not occupied that night. Appellant stole some money and a bottle of medicine prescribed to Mr. Charielle's autistic son. Finally, appellant broke into the home of Angela Saporito, who was home at the time, and rifled through her purse, dressers, and kitchen cabinets. An eight-year-old child was also present at one of the homes during the break-in. Following an investigation, appellant was apprehended by the Mentor Police Department six days later while being discharged from Laurelwood Hospital, where he was receiving mental health treatment.

{¶5} At the plea hearing, appellant admitted running over the mailboxes and breaking into the homes and the concession stand. Appellant stated he did not remember all of the details of what he stole but admitted the items were in his truck the next morning. After a lengthy colloquy, the trial court accepted appellant's plea of guilty to seven counts of the indictment and dismissed the remaining four counts as recommended by the state.

{¶6} At the sentencing hearing, the trial court heard from appellant and his mother, father, step-father, and sister, all of whom detailed appellant's struggle with severe depression, anxiety, and substance abuse. The court reviewed the presentence investigation report, victim impact statements, and a psychological evaluation that indicated appellant has been diagnosed with anxiety and depression. Appellant's counsel requested community control sanctions or a prison term of four or five years

due to his mental health issues; the state recommended a prison term of seventeen and one-half years.

{¶7} The trial court sentenced appellant to a total of sixteen and one-half years in prison: six months on Count 3, five years on Count 4, five years on Count 5, twelve months on Count 8; and five years on Count 10 to be served consecutively; and ninety days in jail on both Count 1 and Count 2 to be served concurrent to each other and to the stated prison term. Appellant was also ordered to pay restitution to the victims and to forfeit his Ford F-150, cell phone, and multi-tool used during the commission of the instant offenses.

{¶8} Appellant timely appeals his sentence and raises four assignments of error for our review. His first assignment of error states:

{¶9} "Given the totality of the circumstances, the trial court erred in accepting appellant's plea of guilty, which was not knowing, voluntary and intelligently given. [sic.]"

{¶10} Appellant asserts the trial court erred in accepting his guilty plea because it was not entered knowingly, voluntarily, and intelligently. Appellant argues the trial court did not make an adequate inquiry into his mental state after he informed the trial court that he has been diagnosed with multiple mental illnesses and had taken three different medications within the preceding 24 hours to treat those mental illnesses. Appellant did not raise this challenge in the trial court or file a motion to withdraw his guilty plea, thus he has forfeited all but plain error review.

{¶11} "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143

Ohio St.3d 385, 2015-Ohio-2459, ¶22. To constitute plain error, an error must be an obvious deviation from a legal rule that affected the outcome of the trial or prejudiced the defendant. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002) (citations omitted). "The test for prejudice in the context of a guilty or no contest plea is 'whether the plea would have otherwise been made.'" *State v. Dundics*, 11th Dist. Trumbull No. 2015-T-0047, 2016-Ohio-1368, ¶19, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12.

**{¶12}** Crim.R. 11(C)(2) provides that a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]" "Additional inquiry is necessary into a defendant's mental state once a defendant seeking to enter a guilty plea has stated that he is under the influence of drugs or medication." *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, ¶66 (citations omitted).

**{¶13}** The transcript of appellant's plea hearing is 41 pages in length; the trial court's direct colloquy with appellant comprises approximately 35 of those pages. The following exchange took place with regard to appellant's mental state:

> THE COURT: Now prior to coming to court today have you consumed any drugs or alcohol or taken any prescription medications in the last 48 hours?
>
> THE DEFENDANT: Prescription medications.
>
> THE COURT: What have you taken?
>
> THE DEFENDANT: Zoloft, Lamictal.
>
> THE COURT: Lamictal?

5

THE DEFENDANT: Lamictal, Neurontin, and Seroquel.

THE COURT: And when did you, when is the last time you took any medications?

THE DEFENDANT: I took all of them but the Seroquel about 15 hours ago and I took the Seroquel last night at about 8:00 p.m.

THE COURT: Have you ever been diagnosed or treated for any mental illness?

THE DEFENDANT: Yes.

THE COURT: And what mental illnesses have you been diagnosed with?

THE DEFENDANT: Just have paranoid delusions, anxiety, depression, ADHD.

THE COURT: Now has, have those conditions and/or the taking of this medication today and yesterday, does that affect the way you're thinking?

THE DEFENDANT: No.

THE COURT: Are you able to understand everything and process everything that we talked about so far?

THE DEFENDANT: Yes.

THE COURT: All right. Do you have any confusion at all about what we're doing here?

THE DEFENDANT: No.

{¶14} We conclude this colloquy between the trial court and appellant was sufficient to support the trial court's decision that appellant knew and appreciated the nature of the proceedings and the consequences associated with his plea. As a result, the trial court properly determined the guilty plea was entered voluntarily. Moreover, the trial court spoke at length with appellant throughout the hearing and was able to observe his demeanor and reactions throughout the proceeding. *See State v.*

6

*Gallagher*, 5th Dist. Morrow No. CA941, 2003-Ohio-3581, ¶54-55; *State v. Rogers*, 8th Dist. Cuyahoga Nos. 97093 & 97094, 2012-Ohio-2496, ¶20, citing *Mink, supra*. Appellant has not shown that the trial court's acceptance of his guilty plea was plain error.

{¶15} Appellant's first assignment of error is without merit.

{¶16} We next jointly consider appellant's second and fourth assignments of error:

> [2.] The trial court abused its discretion by failing to consider the substantial grounds to mitigate the appellant's conduct, as required by R.C. 2929.12(C).
>
> [4.] The trial court committed abused its discretion [sic] by imposing an unreasonably excessive sentence.

{¶17} Appellant argues the trial court abused its discretion by failing to consider potential mitigating factors before it imposed an unreasonably excessive sentence in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

{¶18} This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. Therefore, we must determine whether appellant's sentence is contrary to law, not whether the trial court abused its discretion. *State v. Marcum*, Sup. Ct. Nos. 2014-1825 & 2014-2122, 2016-Ohio-1002, ¶10, citing R.C. 2953.08(G)(2). For the following reasons, we conclude that appellant's sentence is not contrary to law.

{¶19} A court imposing a felony sentence is required to consider the seriousness and recidivism factors found in R.C. 2929.12 in order to ensure the sentence complies with the overriding principles of felony sentencing as stated in R.C. 2929.11. The trial court, however, "is not required to 'use specific language or make specific findings on

7

the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000); *see also State v. McGinnis*, 11th Dist. Lake No. 2015-L-096, 2016-Ohio-1362, ¶8. Further, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶20} R.C. 2929.12(C) provides that "[t]he sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

> (1) The victim induced or facilitated the offense.
>
> (2) In committing the offense, the offender acted under strong provocation.
>
> (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
>
> (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶21} Appellant contends the trial court did not adequately consider R.C. 2929.12(C)(4) as it pertains to his mental health issues, his various medications, the trouble he was having in his personal life, and his self-medicating behavior (i.e., drugs and alcohol) to "escape" from his illnesses.

{¶22} Contrary to appellant's position, the record demonstrates the trial court fully considered the seriousness and recidivism factors in R.C. 2929.12. It found the

8

following factors rendered the offenses more serious: (1) there were multiple victims and households; (2) the young age of one of the victims; (3) the serious economic and psychological harm caused to the victims; and (4) appellant committed the offenses while on probation. The trial court also stated that appellant's criminal history increased the risk of recidivism.

{¶23} The trial court found appellant was genuinely remorseful, but that none of the mitigating factors applied to justify a lesser penalty. Specifically, the trial court did not find a direct connection between appellant's mental illness diagnoses, his treatments, and the instant offenses. To the contrary, it was evident to the trial court from appellant's own statements that he did not check himself into Laurelwood the following day as an act of remorse; rather, prior to committing these crimes, appellant had decided he needed professional help but not until he further indulged in drugs and alcohol.

> THE COURT: And the night that these crimes occurred as I understand it from reviewing the presentence report you were going to go back to Laurelwood the next day?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And so why did you take the Kratom and go out drinking the night before?
>
> THE DEFENDANT: I guess sort of like a last little thing before I went there again before I stayed for a week. It was a very bad decision.
>
> * * *
>
> THE COURT: * * * I'm also aware that you knew by virtue of the fact that you were taking these three medications for a period of time on a daily basis that, that you knew that the ingestion of Kratom wasn't going to be a positive in interacting with your medication. Certainly the ingestion of alcohol was not going to be a

9

positive mix with your medications. And certainly that you intended to go to Laurelwood on July 10th. You were well aware that taking the Kratom and having four drinks the night before wasn't going to be a good combination but you did it any way, right?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: \* \* \* So I've considered everything I think there is to consider in this case, Mr. Simpson, and as I said a couple of times what seems to be lacking is the direct connection between your mental illness diagnoses, treatments and then these offenses because if I'm to take everything as true from what you told me then what's missing here is where all this other activity was up till July 9th and why you did it on July 9th.

**{¶24}** Finally, in its judgment entry of sentence, the trial court stated that it considered "the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." "This suggests the trial court did, in fact, consider the requisite statutory factors." *State v. Goodnight*, 11th Dist. Lake No. 2008-L-029, 2009-Ohio-2951, ¶17, citing *State v. Kearns*, 11th Dist. Lake No. 2007-L-047, 2007-Ohio-7117, ¶10.

**{¶25}** Appellant's second assignment of error is without merit.

**{¶26}** The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Amendment is applied to the states through the Due Process Clause of the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 666 (1962), citing *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459 (1947).

**{¶27}** "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964) (citations omitted). Instances of cruel and unusual punishment are limited

to those that would, under the circumstances, shock any reasonable person and shock the sense of justice of the community. *State v. Weitbrecht*, 86 Ohio St.3d 368, 370 (1999) (citations omitted). In evaluating whether a punishment is cruel and unusual, the U.S. Supreme Court instructs that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290 (1983).

> 'First, we look to the gravity of the offense and the harshness of the penalty. * * * Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. If more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive. * * * Third, courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions.'

*Weitbrecht, supra*, at 371, quoting *Solem, supra*, at 290-291.

{¶28} We also note that "the goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve 'consistency' not 'uniformity.'" *State v. Palicka*, 8th Dist. Cuyahoga No. 93766, 2010-Ohio-3726, citing *State v. Klepatzki*, 8th Dist. Cuyahoga No. 81676, 2003-Ohio-1529, ¶32. "[A] consistent sentence is *not* derived from a case-by-case comparison[.]" *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-6705, ¶58 (emphasis added). To the contrary, it is well established that consistency in sentencing is accomplished by the trial court's application of the statutory sentencing guidelines to each individual case. *See, e.g., State v. Latimer*, 11th Dist. Portage No. 2011-P-0089, 2012-Ohio-3745, ¶20, citing *Swiderski, supra*, at ¶58. Thus, in order to show a sentence is inconsistent with sentences imposed on other offenders, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing. *Id.*

11

{¶29} Here, each imposed prison term is within the statutory range and the total term is far less than the maximum sentence appellant could have received, to wit: a total of twenty-eight years imprisonment and a fine of $57,500. We have already held that the trial court properly considered the R.C. 2929.12 factors. The trial court also stated it considered the R.C. 2929.11 purposes and principles of felony sentencing in finding it necessary to incarcerate appellant, and that appellant is not amenable to an available community control sanction. Finally, the trial court made the following findings in support of its decision to impose consecutive sentences:

> Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public, and that the Defendant committed one or more of the multiple offenses while under a sanction pursuant to R.C. 2929.16, 2929.17, or 2929.18; that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed by the Defendant was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶30} Appellant does not have an extensive criminal history and has only spent approximately 90 days in jail for previous offenses. Nevertheless, in light of the seriousness of the instant offenses, we do not find appellant's current prison sentence of sixteen and one-half years is "shocking" to a reasonable person or to the community's sense of justice, disproportionate to the crimes, or inconsistent with other offenders sentenced under the same statutory guidelines. We also note that, as stated in his written plea of guilty, appellant does appear to be eligible for judicial release.

12

{¶31} Appellant's fourth assignment of error is without merit.

{¶32} Appellant's third assignment of error states:

{¶33} "Appellant's trial counsel's failure to introduce evidence of the effects of appellant's medications and mental illness during sentencing constituted ineffective assistance of counsel."

{¶34} Under his third assignment of error, appellant contends he received ineffective assistance of counsel at his sentencing hearing.

{¶35} There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). In order to prevail on a claim of ineffective assistance of counsel, an appellant must overcome that presumption by demonstrating that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *Id.* at paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). In order to show prejudice, an appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at paragraph three of the syllabus. If a claim can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient. *Id.* at 143, citing *Strickland*, *supra*, at 695-696.

{¶36} Appellant asserts his trial counsel was ineffective because he did not introduce evidence of appellant's mental illnesses and the effects of his prescription medication at the sentencing hearing. Prior to imposing sentence, the trial court considered, inter alia, statements on the issue made by appellant, his defense counsel,

13

and four family members; a letter from appellant detailing his history of depression; a presentence report that includes details of appellant's mental health issues, drug use, and prescription medication; and a psychological evaluation conducted by the court psychologist—all of which indicate appellant had prior diagnoses of depression and anxiety disorders. The trial court recognized, however, that the court psychologist did not believe appellant was completely forthright about his mental health issues during the psychological evaluation. Nevertheless, the trial court did not discount the fact that appellant obviously suffers from severe depression for which he takes medication; rather, the court determined there was no "direct connection" between those mental health issues and the instant offenses.

{¶37} In light of these facts and the analysis under the second and fourth assignments of error, appellant has not demonstrated a reasonable probability that the imposition of sentence would have been different if trial counsel had introduced cumulative evidence of appellant's mental health and the effect of his medications. As we do not find prejudice, there is no reason to consider whether trial counsel's performance fell below an objective standard of reasonable representation. We note, parenthetically, that even if we found prejudice, the issue raised regarding trial counsel's performance could only sufficiently be addressed in a proceeding for postconviction relief. This is primarily due to the fact that there is nothing in the record to establish what effect the medication had or did not have on any aspect of the case. While appellate counsel speculates that the effect of the medications had some significant impact, it is also possible that trial counsel pursued this information and determined the

medications had no significant impact. This court cannot speculate as to what trial counsel's preparation and investigation may or may not have concluded.

{¶38} Appellant's third assignment of error is without merit.

{¶39} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.