[Cite as *State v. Jones*, 2019-Ohio-4838.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-010** |
| ERIC D. JONES, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000598.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Donald J. Malarcik*, 54 East Mill Street, Suite 400, Akron, OH 44308 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Eric D. Jones, Jr., appeals his sentence for Aggravated Vehicular Homicide and Operating a Vehicle Under the Influence in the Lake County Court of Common Pleas. The issue to be determined in this case is whether a court errs when it considers the purposes and principles of sentencing and pertinent sentencing factors but orders a sentence that varies from those issued by other courts under similar factual circumstances. For the following reasons, we affirm

the decision of the lower court.

{¶2} On August 6, 2018, Jones was indicted by the Lake County Grand Jury for the following: two counts of Aggravated Vehicular Homicide (Counts One and Three), felonies of the second degree, in violation of R.C. 2903.06(A)(1)(a); Operating a Vehicle Under the Influence (Count Two), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); Operating a Vehicle Under the Influence (Count Four), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(j)(ix); and Aggravated Vehicular Homicide (Count Five), a felony of the third degree, in violation of R.C. 2903.06(A)(2).

{¶3} A plea hearing was held on November 1, 2018, at which Jones entered pleas of guilty to Counts One and Two, Aggravated Vehicular Homicide and Operating a Vehicle Under the Influence. These offenses arose from an incident in which Jones struck and killed a pedestrian, 17-year-old Maddisan Chase, while driving under the influence of drugs. In a November 2, 2018 Judgment Entry, the court memorialized its acceptance of Jones' pleas. A Nolle Prosequi was entered on the remaining counts of the indictment.

{¶4} A sentencing hearing was held on December 19, 2018. Defense counsel contended that Jones had repeatedly expressed remorse and accepted responsibility through pleading guilty to two serious counts from the indictment. Counsel explained that the offense was a result of Jones taking drugs due to working long hours and past trauma in his life and that Jones had taken methamphetamine the night before the offense was committed, then also took Xanax because he mistakenly believed it was nighttime rather than time for him to go to work. Jones apologized for his actions and

2

stated that he is dedicating his life to sobriety. The State requested the maximum sentence, emphasizing the harm caused to the victim's family and that Jones committed the offense while on judicial release following an aggravated robbery conviction.

{¶5} The court stated that it had reviewed the presentence investigation report, drug and alcohol evaluation, the victim impact statement, and letters on behalf of the victim and Jones, as well as considered the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. It found that the death of the victim made the offense more serious and there were no factors making the offense less serious. As to recidivism, the court emphasized that the offense was committed while Jones was on judicial release, he had a history of juvenile and adult convictions, including domestic violence charges and aggravated robbery, and had not responded favorably to previous community control. It concluded that there was "either a lack of awareness of the need or a lack of or refusal to engage in treatment that directly led to this offense." The judge found Jones was remorseful.

{¶6} The court imposed a sentence of eight years in prison for Aggravated Vehicular Homicide and 180 days for Operating a Vehicle Under the Influence, with the sentences to be served consecutively. The foregoing was memorialized in the court's Judgment Entry of Sentence filed on January 8, 2019.

{¶7} Jones timely appeals and raises the following assignment of error:

{¶8} "Defendant's sentence to maximum consecutive sentences was not supported by the record and is otherwise contrary to law."

{¶9} "The court hearing an appeal [of a felony sentence] shall review the

3

record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (B) or (D) of section 2929.13 * * * [or] (b) [t]hat the sentence is otherwise contrary to law." *Id.*

{¶10} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 14. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶11} Jones argues that his sentence does not "conform with other maximum consecutive sentences of similarly situated defendants." He cites several cases in which a defendant received the same sentence for more serious conduct or received a lesser sentence for factually similar conduct.

{¶12} In addressing "similarly situated defendant" sentencing arguments, this court has repeatedly emphasized that "[a] consistent sentence is *not* derived from a case-by-case comparison[.]" (Emphasis sic.) *State v. Sari*, 11th Dist. Lake No. 2016-L-

4

109, 2017-Ohio-2933, ¶ 52, citing *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-6705, ¶ 58. Instead, consistent sentencing is achieved when the trial court applies the statutory sentencing guidelines. *State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶ 28. This rationale recognizes that "the goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve 'consistency' not 'uniformity.'" (Citations omitted.) *Id.* "[I]n order to show a sentence is inconsistent with sentences imposed on other offenders, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing." *Sari* at ¶ 52.

{¶13} Thus, it is not necessary to compare whether the sentence in the present matter is the same or similar to those set forth in the cases cited by Jones. Rather, this court will evaluate whether the trial court properly performed its duty to apply the required felony sentencing factors.

{¶14} Pursuant to R.C. 2929.11(A), "[a] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * [which] are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In determining "the most effective way to comply with the purposes and principles of sentencing," a trial court must consider factors relating to the seriousness of the conduct and the likelihood of the offender's recidivism, as well as any

other relevant factors. R.C. 2929.12(A).

{¶15} "[I]n sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12,'" not make "specific findings or use specific language." (Citation omitted.) *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶ 34; *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

{¶16} The lower court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. In doing so, it considered all parts of the record, including the PSI, letters, and statements made at trial, as well as the need for incapacitation, deterrence, rehabilitation, and restitution. It also stated its rationale for Jones' sentence, highlighting specific factors such as the harm to the victim, Jones' criminal record, and the fact that Jones had committed the crime while on community control following judicial release from a prior offense of aggravated robbery. In sum, the court gave a detailed analysis demonstrating its consideration of the necessary sentencing factors.

{¶17} Jones raises several specific arguments he contends demonstrate the court failed to properly consider and weigh the required sentencing factors. First, he emphasizes the lack of factors making the offense more serious, noting that the only factor present was that the victim died, which he deems of limited value since it was an element of the offense of Aggravated Vehicular Homicide. While we recognize that all Aggravated Vehicular Homicide offenses do result in death, the court was entitled to consider the death of the victim, the manner in which she died (as a pedestrian walking

down the street), and the impact on her family, as part of its analysis of the seriousness of the offense under R.C. 2929.12(B), which permits the consideration of listed factors as well as "any other relevant factors." Importantly, the court also found the presence of no factors making the crime less serious, which ultimately weighed into the court's overall analysis. Jones contends that the R.C. 2929.12(C)(3) factor making the offense less serious should have been applied in his favor, since he "did not cause or expect to cause physical harm to any person or property." However, it is a relevant consideration that Jones voluntarily chose to drive a vehicle intoxicated, an act which could easily be anticipated to result in physical harm to a person or property. While he also argues that he stayed at the scene of the incident, showing cooperation with police and making the offense less serious, the police report in the PSI shows that he provided inconsistent stories about his drug use, raising legitimate questions about his honesty and cooperation.

{¶18} These seriousness factors cannot be viewed in a vacuum but must be weighed against the recidivism factors, with this court recognizing that "the trial court is not obligated * * * to give any particular weight or consideration to any [R.C. 2929.12] sentencing factor." (Citation omitted.) *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689, ¶ 20. Jones has both a juvenile and adult criminal record, including domestic violence, theft, and aggravated robbery. He committed the present crime while on community control following judicial release for aggravated robbery, demonstrating a failure to respond favorably to past sanctions. Although Jones had an ongoing drug problem, he continued to use drugs leading to the commission of this offense. The court properly took the foregoing into account in applying the necessary

factors under R.C. 2929.12(D).

{¶19} As to recidivism, Jones contends that the court improperly applied the R.C. 2929.12(D)(4) factor, which provides: "The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse." Jones contends that this factor was inapplicable since he acknowledged his drug abuse and engaged in programs to address this abuse. While it may be accurate that Jones has at times completed drug treatment, it is apparent from the offense that occurred here that his drug use implicates recidivism considerations. *State v. Moore*, 6th Dist. Lucas No. L-17-1291, 2019-Ohio-1032, ¶ 27 (the court properly weighed the defendant's statements that he was not a risk for recidivism since he had been sober and received treatment against the evidence demonstrating that his conduct and criminal record was inconsistent with those statements). Even if this factor did not expressly apply because Jones failed to "refuse" treatment, R.C. 2929.12(D) allows for consideration of "any other relevant factors." The fact that Jones committed the crime while using drugs was properly considered.

{¶20} Finally, Jones argues that the lower court failed to give proper weight to his expression of remorse as the judge stated: "I think you are remorseful but I'm not sure what that has to do with making recidivism less likely but nonetheless I'll make that finding." By this very statement, the court, however, made a finding that Jones had expressed remorse. It simply chose to weigh this factor against the others discussed above, specifically noting that Jones' remorse "only goes so far" given the facts of the offense and his prior record. Even if a court determines there is genuine remorse, this

8

does not "mandate a lesser sentence where the judge determines * * * that the maximum * * * sentence is necessary to achieve the purposes of felony sentencing, i.e., protecting the public from future crime by the offender and punishing the offender." (Citation omitted.) *State v. Karsikas*, 11th Dist. Ashtabula No. 2014-A-0065, 2015-Ohio-2595, ¶ 36. As the court considered the proper factors, we find no lack of consistency in its sentence.

{¶21} The sole assignment of error is without merit.

{¶22} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Jones to a term of eight and a half years for Aggravated Vehicular Homicide and Operating a Vehicle While Under the Influence, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.