[Cite as *State v. Struffolino*, 2020-Ohio-1051.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-19-019

    Appellee                                Trial Court No. 2016CR0014

v.

Anthony Struffolino                        **DECISION AND JUDGMENT**

    Appellant                                Decided:  March 20, 2020

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Anthony Struffolino, appeals the February 11, 2019

judgment of the Wood County Court of Common Pleas which, following his admission to

a community control violation, sentenced him to 180 days in jail.  For the reasons that

follow, we affirm.

{¶ 2} Appellant was indicted on one count of breaking and entering, R.C. 2911.13(A) and (C), a fifth-degree felony.  On July 13, 2016, appellant entered a guilty plea to the charged count and on September 14, 2016, appellant was sentenced to three years of community control with general conditions.  Relevant to this appeal, at the plea hearing the trial court informed appellant as follows:

> In lieu of prison the Court could place on you what is called
> community control sanctions, and the Court could establish certain things
> for you to do.  If you failed to comply with those, you could then be sent to
> prison for up to twelve months.  Do you understand that?

Appellant indicated that he understood.

{¶ 3} On July 30, 2018, the state filed a petition for revocation of community control alleging that appellant violated the conditions by testing positive for marijuana.  After admitting to the violation, the court extended appellant's community control for one year.

{¶ 4} On October 31, 2018, the state filed a second petition for revocation of community control based on a positive marijuana drug screen.  On November 2, 2018, appellant admitted to the violation, appellant was granted an own recognizance bond and the matter was set for disposition on February 2, 2019.  In the interim, the Wood County Adult Probation Department ordered that appellant be arrested for failing to report to the probation department; this incident was added as an addendum to the petition for revocation.

2.

{¶ 5} The dispositional hearing was held on February 8, 2019, and appellant was ordered to serve 180 days in the local jail at the conclusion of which his community control would be terminated as unsuccessful. This appeal followed with appellant raising the following assignment of error:

> The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing appellant to serve one hundred eighty days in the Wood County Justice Center.

{¶ 6} In his sole assignment of error, appellant contends that although the 180-day jail sentence is not unlawful, the trial court abused its discretion in not ordering a lesser sentence. Specifically, appellant contends that the court failed to give proper weight to the mitigating factors: the fact that appellant has a family and is employed and "could not balance the requirements and conditions of his community control with his obligations to provide financial support for his family."

{¶ 7} R.C. 2929.15(B) permits the court upon violation of the community control sanction to impose "[a] more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code[.]" R.C. 2929.15(B)(1)(b). R.C. 2929.16(A)(6) provides:

> If the offender is sentenced to a community control sanction and violates the conditions of the sanction, a new term of up to six months in a community-based correctional facility that serves the county, in a halfway

3.

house, or in a jail, which term shall be in addition to any other term imposed under this division.

{¶ 8} In addition, the trial court may impose any sentence, so long as it is within the sentencing range for the degree of felony involved. R.C. 2929.12(A); R.C. 2929.13(A); R.C. 2929.14(A); *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17, *superseded by statute on other grounds as stated in State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, 15 (R.C. 2953.08(G)(2) defines the appellate standard of review of sentencing judgments). On appeal, our standard of review is limited by R.C. 2953.08(G)(2) to whether there is clear and convincing evidence that the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) are supported by the record and whether the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.

{¶ 9} The trial court must use its discretion to impose the appropriate sentence which achieves the purposes of protecting the public and punishing the defendant, while imposing a sentence that does not unnecessarily burden state or local government resources. R.C. 2929.11(A); R.C. 2929.12(A); R.C. 2929.13(A).

{¶ 10} However, there is no requirement that the court make specific findings or use specific language to reflect consideration of the applicable statutory factors. *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989); *State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶ 19. Absent an affirmative showing to the

4.

contrary, we presume the court properly considered the relevant factors set forth in R.C. 2929.11 and 2929.12. *O'Dell*; *State v. Adjei*, 1st Dist. Hamilton No. C-160207, 2016 Ohio App. LEXIS 3637, *3 (Sept. 9, 2016).

{¶ 11} At the probation revocation hearing appellant, with questioning by the court, explained his problems with marijuana use and his inability to balance his work, family, and community control obligations. In imposing sentence, the court stated that it reviewed the PSI, the probation violations, and considered the factors under R.C. 2929.11 and 2929.12, and the circumstances under R.C. 2929.15.

{¶ 12} Because the appellant's sentence was within the permissible range and given that prior consideration was given to the statutory sentencing factors, we find that the trial court did not abuse its discretion in ordering a 180-day jail sentence and appellant's sentence was not contrary to law. Appellant's assignment of error is not well-taken.

{¶ 13} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.
CONCUR.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE

**ZMUDA, P.J.**

**{¶ 14}** On February 11, 2019, the trial court imposed a 180-day jail term on appellant as a sanction for his admitted violation of the conditions of his community control. Appellant argues that the trial court erred because it failed to consider the purposes of felony sentencing pursuant to R.C. 2929.11 or consider any aggravating or mitigating factors described in R.C. 2929.12 in imposing the sanction. While I believe the majority correctly concludes that the sanction imposed was proper, I disagree that the

6.

trial court's compliance with felony sentencing statutes is the appropriate analysis by which that conclusion should be reached. For that reason, I concur with the majority's judgment in affirming the trial court's sanction but would reach that conclusion through a different analysis.

{¶ 15} When a defendant violates the conditions of community control imposed following a felony conviction, "the court imposes an appropriate sanction for that misconduct, but not for the original or underlying crime." *In re. B.H.*, 6th Dist. Erie No. E-14-096, 2015-Ohio-2296, ¶ 24, citing *State v. Beverly,* 4th Dist. Ross No. 01CA2603, 2002 WL 59643, *3 (Jan.11, 2002). The possible sanctions for the violation of the conditions of community control are established under R.C. 2929.15(B)(1) which states:

> If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:
>
> (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;
>
> (b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

7.

(c) A prison term on the offender pursuant to section 2929.14 of the

Revised Code and division (B)(3) of this section[.]

Upon appellant's admission to violating the terms of his community control, the trial court elected to impose a 180-day jail term pursuant to R.C. 2929.15(B)(1)(b) as a penalty for appellant's violation. Appellant argues this sanction was contrary to law because the trial court did not consider the factors established under R.C. 2929.11 and 2929.12 related to felony sentencing. I would not find that the imposition of a jail term pursuant to R.C. 2929.15(B)(1)(b) requires a trial court to make these considerations.

{¶ 16} When imposing a penalty for the violation of community control, the trial court is required to comply with "the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17. Therefore, to require compliance with R.C. 2929.11 and 2929.12 before imposing a jail term pursuant to R.C. 2929.15(B)(1)(b), those statutes must be relevant to the proceedings. I note that had the trial court imposed a prison sentence, R.C. 2929.11 and 2929.12 would be relevant as described in *Fraley*. R.C. 2929.15(B)(1)(c), which permits the imposition of a prison term as a penalty for the violation of community control conditions, explicitly states that any prison term imposed must be made pursuant to R.C. 2929.14. Further, R.C. 2929.15(B)(3) only allows the imposition of a prison term if the sentencing court complied with all of the requirements in R.C. 2929.19(B)(2) at the original sentencing. When imposing the original sentence, the trial court would have been required to consider the factors established in R.C. 2929.11 and 2929.12. In that scenario, those

8.

factors would be relevant in determining whether the reserved prison sentence being imposed as a community control violation penalty was properly established at the original sentencing. That is not the case here.

{¶ 17} Appellant was not ordered to serve a prison term as a result of his violation of the conditions of his community control. Instead, he was ordered to serve 180 days in jail. R.C. 2929.15(B)(1)(b) states that upon finding a community control violation, the trial court may impose "[a] more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in * * * jail pursuant to division (A)(6) of section 2929.16 of the Revised Code." Moreover, the other Revised Code sections identified in R.C. 2929.15(B)(1)(b) do not reference or incorporate any aspect of the original sentence where the trial court's compliance with R.C. 2929.11 and 2929.12 would be required. Additionally, as the trial court is imposing a penalty for a community control violation and not the underlying crime, the penalty is not a new sentence which automatically requires analysis under the felony sentencing statutes. *In re. B.H.* at ¶ 24.

{¶ 18} Instead, R.C. 2929.15(B)(1)(b) establishes a penalty and requires that the penalty only be imposed once an offender is found to be in violation of their community control conditions—a decision over which the trial court exercises broad discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. Logically, the trial court's consideration of the felony sentencing factors found in R.C. 2929.11 and 2929.12 has no relation to the imposed penalty. Therefore, those factors are not relevant

9.

in this appeal and any analysis of the trial court's compliance with those sections is likewise not appropriate for our review in this case.

{¶ 19} I believe the appropriate standard of review of the trial court's decision is under an abuse of discretion standard. The General Assembly has granted "broad discretion to trial courts in imposing community control sanctions." *Id.* Therefore, "[w]e review the trial court's imposition of community-control sanctions under an abuse of discretion standard." *Id.* "An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Clement,* 6th Dist. Lucas No. L-12-1249, 2013-Ohio-3554, ¶ 5, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A review of the record under this correct standard establishes the trial court did not abuse its discretion in imposing the 180-day jail term as a penalty for appellant's violation of his community control.

{¶ 20} The jail term to be imposed as a sanction for violating the conditions of community control is established under R.C. 2929.16(A)(6). A six-month jail term is specifically identified as a possible residential sanction to be imposed on an offender that has violated previously imposed community control conditions. Appellant makes no argument and cites to no authority which shows the trial court's chosen penalty was unreasonable, arbitrary, or unconscionable. The penalty was authorized by statute and imposed only after appellant admitted to his violations. Under these facts, it is clear the trial court did not abuse its discretion and I would affirm the judgment of the trial court.

10.

{¶ 21} Because the majority's conclusion is premised solely under a felony sentencing analysis, I agree only with their conclusion, not the manner in which it was reached. While I disagree with the majority's analysis, I concur in the decision reached and would affirm the judgment of the trial court.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.