[Cite as *State v. Jameson*, 2015-Ohio-4634.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **O P I N I O N** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | **CASE NO.  2014-A-0069** |
| KENNETH C. JAMESON, | **:** | |
| Defendant-Appellant. | **:** | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2013 CR 423.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Ian N. Friedman*, McCarthy, Lebit, Crystal & Liffman Co., L.P.A., 101 West Prospect Avenue, Suite 1800, Cleveland, OH 44115 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}    Appellant, Kenneth C. Jameson, appeals from the November 3, 2014 sentencing entry of the Ashtabula County Court of Common Pleas.  For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

{¶2}    This case stems from an incident that occurred on appellant's property during the late evening of July 27, 2013.  Appellant was apparently awakened by his

son, who indicated there was an unknown vehicle on the property near a shed on appellant's property. It appears there was a van containing twelve passengers and a driver who had come on the property to retrieve an item they had left in the shed at an earlier time. Appellant contends he attempted to identify himself and direct the persons off the property. At some point, appellant fired a handgun at the van. Two of the children who were occupants of the van were struck by the gunfire. Both were seriously injured, with one victim losing the sight in one of her eyes.

{¶3} Appellant was indicted on fourteen counts of felonious assault, felonies of the second degree, with each count containing a firearm specification.

{¶4} After pretrial discussions, the state and appellant entered into a plea agreement. Pursuant to the terms of that agreement, the state agreed to reduce each of the charges to aggravated assault, a felony of the fourth degree, and to dismiss each of the firearm specifications. In addition, both parties agreed that all counts would merge except amended counts one and three, which alleged aggravated assault against each of the two victims who were injured. Finally, the state and appellant jointly recommended that appellant receive a sentence of community control, which they agreed would include fifteen months of electronically monitored house arrest.

{¶5} The trial court accepted appellant's plea on July 28, 2014, and ordered a presentence report to be prepared. On October 30, 2014, the trial court sentenced appellant. Pertinent to this appeal is the trial court's statement at the sentencing hearing that appellant be sentenced to a term of eighteen months of imprisonment "on each of these 14 counts" at the Lorain Correctional Institution. The trial court issued its sentencing entry on November 3, 2014, which merged counts two, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, and fourteen. The court then sentenced

appellant to 18 months imprisonment on count one, 18 months on count three, and 18 months on the merged counts, all to run concurrently with each other for a total of 18 months imprisonment.

{¶6} Appellant filed a timely appeal and asserts two assignments of error for review. The first states:

{¶7} "The trial court's failure to merge the offenses rendered the sentence contrary to law in violation of appellant's due process rights as guaranteed by Article I, Section 10 of the Ohio Constitution, and the Fourteenth Amendment to the United States Constitution."

{¶8} Under the first assignment of error, appellant argues that the trial court "failed to properly merge the offenses, thereby rendering the sentence contrary to law." While appellant's assignment of error relates to the Ohio Constitution Article 1, Section 10, and the due process guarantee contained in the Fourteenth Amendment to the United States Constitution, little argument is presented under this assignment of a "due process" violation. Merger in Ohio is governed in the first instance by statute. There were no constitutional infirmities raised in the court below, and in order to address appellant's claimed error, we do not need to address any constitutional infirmities herein.

{¶9} When a defendant is charged with multiple counts in the same indictment, R.C. 2941.25 provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or

3

more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} In other words, by statute, when the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses.

{¶11} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court set forth the standard for determining whether merger is apposite, holding that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. Recently, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court clarified that two or more offenses may result in multiple convictions if any of the following are true: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation." *Id.* at ¶25. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes *offenses involving separate victims* or if the harm that results *from each offense is separate and identifiable.*" *Id.* at paragraph two of the syllabus (emphasis added). It is worth noting that this clarification from the Ohio Supreme Court in *Ruff* was issued March 25, 2015, months after the trial court imposed its sentence here.

4

{¶12} In this case, the defendant entered a plea of "no contest" to all fourteen amended counts in the indictment. The trial court, in its judgment entry of August 4, 2014, accepting the plea, noted: "The parties agreed that all counts merge with the exception of Counts One and Three of the indictment." This agreement was acknowledged on the record by both parties at the plea hearing.

{¶13} Subsequently, at the sentencing hearing, the trial court reiterated its understanding of the agreement to merge all but counts one and three. When imposing sentence, however, the trial court also mentioned the following during the hearing:

> [I]t is going to be the judgment and sentence of the Court that you be sentenced to serve a term of 18 months imprisonment on each one of these 14 counts, that would be initially to the Lorain correctional institution. There's been an agreement and an understanding by counsel that all of the counts merge except for, I believe I put in the entry counts 1 and 3 * * *. But given the fact that it does not appear that you've ever served time previously in a penal institution, and that in fact I don't think the pre-sentence report shows any kind of a prior criminal history, that I will order that all of the sentences on all 14 counts run concurrently with one another, for a total sentence of 18 months.

{¶14} The state argues that the trial court, in reality, meant to indicate that the counts were merged as agreed, and there was simply a misstatement by the trial court. The state argues that any question is resolved by the trial court's judgment entry on sentence, which states as follows: "1. Counts Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen * * * merge for purposes of sentencing."

{¶15} Appellant argues the trial court cannot impose one sentence at the sentencing hearing and another in its judgment entry. While we agree, in principle, with appellant, there is an even more fundamental error with regard to the underlying proceedings.

5

{¶16} In this matter, the parties recommended merger of all counts, with the exception of amended counts one and three. The court accepted the plea, recognizing it was not obligated to accept the parties' recommendation. Indeed, pursuant to R.C. 2941.25 and *Ruff*, the trial court was not authorized to accept the recommendation, as it would have been contrary to law.

{¶17} R.C. 2941.25(A) permits only a single conviction for conduct that constitutes "allied offenses of similar import." Pursuant to R.C. 2941.25(B), however, a defendant charged with multiple offenses may be convicted of each offense if the conduct constitutes offenses of dissimilar import. *Ruff*, *supra*, ¶13. When a defendant's conduct victimizes more than one individual, the harm of one individual is separate, discrete, and identifiable from the harm suffered by another individual. *Id.* at ¶26. In other words, each separate offense with a different victim represents a crime of dissimilar import. *Id.* Under R.C. 2941.25(B), offenses of dissimilar import *cannot* merge, as a matter of law. *Id.* at ¶25.

{¶18} The trial court's judgment entry states initially that "Counts Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fourteen * * * merge for purposes of sentencing." The sentencing order, in paragraph 2(b), indicates the defendant was to serve eighteen months in prison for "the offense charged in Merged Counts Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen and Fourteen." Pursuant to the statute and the clarification from *Ruff*, however, counts five through fourteen *cannot* merge because they represent offenses against separate victims who suffered separate, individual harm as a result of the offenses to which appellant pleaded. The trial court, not having the benefit of the Ohio Supreme Court decision in *Ruff,* erred as a matter of law in merging these counts. Even if it was

6

appropriate to merge these counts, there is no indication which count these charges merge into, as there was no election by the state in this regard. As a result, the judgment on sentence must be reversed and the matter remanded for resentencing.

{¶19} Our analysis does not end here, however. Counts one and two represent offenses committed against a single victim, different from those victims in counts three and four and five through fourteen; similarly, counts three and four also represent offenses committed against a single, but separate victim, different from those in counts one and two and five through fourteen. The conduct underlying counts one and two was the same and was committed with the same animus. Counts one and two, therefore, would properly merge for purposes of sentencing. Similarly, the conduct underlying counts three and four was the same and was committed with the same animus, and these counts would properly merge for purposes of sentencing.

{¶20} It is the trial court's duty to determine merger—not the prosecution's. The state has discretion to pursue multiple counts or to dismiss them. The state may also recommend concurrent sentences, which the court is permitted to order pursuant to R.C. 2929.41. However, merger is a legal analysis to be conducted by the court prior to sentencing. When the trial court determines multiple counts merge, the defendant can be convicted of only one of the merged counts. At that point, the state must make an election on which count it would like the court to proceed with sentencing. Accordingly, on remand, the trial court must merge counts one and two, as well as counts three and four, and the state must elect on which counts the court should proceed to sentencing. Counts five through fourteen must remain as separate convictions, as they refer to different victims. If the state does not wish to pursue convictions for those counts, the

7

state can request the counts be dismissed. It cannot, however, request merger of the counts when it is clear under *Ruff* that they should not merge.

{¶21} Appellant's first assignment of error has merit to the extent indicated.

{¶22} Appellant's second assignment of error provides:

{¶23} "The trial court abused its discretion and/or imposed a sentence contrary to law by failing to consider all statutory sentencing factors set forth in R.C. §§ 2929.11 and 2929.12."

{¶24} There are times when it is difficult to discern what a trial court is considering when imposing sentence. This is not one of those cases. The trial court gave a thoughtful and thorough explanation of its reasons. Given our disposition of appellant's first assignment of error, however, the matter must be remanded for resentencing. Accordingly, appellant's second assignment of error is overruled as moot.

{¶25} The judgment of the Ashtabula County Court of Common Pleas is reversed, and the matter is remanded to the trial court for resentencing.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8