[Cite as *State v. Petrovich*, 2019-Ohio-3547.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-007** |
| RICHARD PETROVICH, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000862.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Ave., Mentor, OH 44060 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Richard Petrovich, appeals from his five-year sentence for Aggravated Vehicular Assault and Operating a Vehicle Under the Influence of Alcohol in the Lake County Court of Common Pleas. The issues to be determined in this case are whether a trial court errs in sentencing a defendant when it finds a lack of factors making the offenses less serious without discussing each factor and whether separate counts of Aggravated Vehicular Assault arising from a single car accident must

merge as allied offenses when there are multiple victims. For the following reasons, we affirm the judgment of the lower court.

{¶2} On April 10, 2018, Petrovich was indicted by the Lake County Grand Jury for nine counts of Aggravated Vehicular Assault, felonies of the second degree, in violation of R.C. 2903.08(A)(1)(a); nine counts of Operating a Vehicle Under the Influence of Alcohol, misdemeanors of the first degree, in violation of R.C. 4511.19(A)(1)(a), (b), and (e); one count of Endangering Children, a felony of the fifth degree, in violation of R.C. 2919.22(C)(1); one count of Driving Under Financial Responsibility Law Suspension or Cancellation, an unclassified misdemeanor, in violation of R.C. 4510.16(A); one count of Operating a Motor Vehicle without a Valid License, a minor misdemeanor, in violation of R.C. 4510.12(A); an Occupant Restraining Devices violation, a minor misdemeanor, in violation of R.C. 4513.263(B)(1); and a Child Restraint System violation, a misdemeanor of the fourth degree, in violation of R.C. 4511.81(C).

{¶3} On October 29, 2018, a plea hearing was held at which Petrovich pled guilty to three counts of Aggravated Vehicular Assault and one count of Operating a Vehicle Under the Influence of Alcohol, in violation of R.C. 4511.19(A)(1)(a), which charges arose from a car accident that occurred when Petrovich was driving a vehicle with five children and one adult passenger while under the influence of alcohol. A Nolle Prosequi was entered on the remaining counts. The guilty plea was accepted by the trial court and a Written Plea of Guilty was filed.

{¶4} A sentencing hearing was held on December 11, 2018. Defense counsel requested a two-year prison sentence and argued that the counts of Aggravated

2

Vehicular Assault should merge. Counsel argued as mitigating evidence that Petrovich's blood alcohol level was not over the legal limit by a "tremendous amount," he "did decent on his sobriety test results," and there was a "gray area" regarding the cause of the accident. Counsel emphasized that this was Petrovich's first felony case. Petrovich expressed remorse and several family members spoke favorably about him and his relationship with his children.

{¶5} The State emphasized the severity of the accident, which caused physical and psychological injuries to the victims, including broken bones, concussions, and a severed artery, and the lack of functional safety restraints in the vehicle. The State noted Petrovich's past traffic violations, including an OVI. The State requested a prison term of six years and argued merger should not occur since there were multiple victims.

{¶6} The court stated its consideration of the R.C. 2929.12 factors, emphasizing the serious physical and psychological harm to the victims, as well as the ages of the child victims and their relationship with Petrovich, their father. It found no factors making the crime less serious. The court also noted these were his first felonies but he had prior misdemeanor offenses and took into account Petrovich's showing of remorse and acceptance of responsibility. The court found that the offenses should not merge and ordered a sentence of five years for each count of Aggravated Vehicular Assault and a 60-day sentence for OVI, to run concurrently for a total term of five years. The sentence was memorialized in a December 18, 2018 Judgment Entry of Sentence.

{¶7} Petrovich timely appeals and raises the following assignments of error:

{¶8} "[1.] The trial court erred on December 18, 2018 because its sentence was contrary to law and an abuse of discretion.

3

{¶9} "[2.] The trial court erred on December 18, 2018 because it failed to merge the sentences for counts 1, 7, and 13."

{¶10} In his first assignment of error, Petrovich argues that the trial court's sentence was contrary to law and an abuse of discretion since it erred in finding there were no factors to make the crimes less serious under R.C. 2929.12(C). He also argues that the sentence was disproportionate to those ordered in similar cases.

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds either * * * (a) [t]hat the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13 * * * [or] (b) [t]hat the sentence is otherwise contrary to law." *Id.* "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" (Citation omitted). *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18. "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶12} A court imposing a felony sentence is required to *consider* the statutory

sentencing factors in R.C. 2929.11 and .12, but "there is no requirement to make specific findings or use specific language during the sentencing hearing." *State v. Crandall*, 11th Dist. Ashtabula No. 2016-A-0030, 2016-Ohio-7920, ¶ 36, citing *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

**{¶13}** Here, it is evident that the court stated it considered the statutory factors under R.C. 2929.12. Petrovich contends, however, that the court did not actually consider the R.C. 2929.12(C) factors and/or erred in not finding those factors applicable.

**{¶14}** Pursuant to R.C. 2929.12(C), the trial court shall consider, inter alia, the following "as indicating that the offender's conduct is less serious than conduct normally constituting the offense": "In committing the offense, the offender did not cause or expect to cause physical harm to any person or property" and "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

**{¶15}** This court has held that, "[s]imply because the trial court did not find the factors identified by appellant to militate in favor of a less severe sentence does not imply the sentence is contrary to law," and found sentences were not contrary to law when they "were within the statutory range and there is nothing in the record to suggest the trial court ignored the factors appellant identifies on appeal." *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶ 25. Here, the court stated both at sentencing and in the sentencing entry that it considered the R.C. 2929.12 factors, which is sufficient to demonstrate it did so. Petrovich's sentence was within the statutory range and he does not point to anything in the record showing the court

5

ignored the sentencing factors.

{¶16} Moreover, the grounds Petrovich argues should have rendered his sentence less serious were reasonably rejected by the trial court. Petrovich claims as "substantial grounds to mitigate [his] conduct" pursuant to R.C. 2929.12(C)(4) that his blood alcohol level was not "over [the .08 limit] by a tremendous amount," as it was a .108, and that he had not overdosed, was not unconscious, and "seemed to still have his composure about him," performing well on field sobriety tests. The fact that his blood alcohol level was .108 demonstrates only that he committed the offense of OVI, and does not show that his conduct was less serious than that typically constituting the offenses. While he may have performed well on sobriety tests, Petrovich does not demonstrate how this renders less serious his conduct of driving while his blood alcohol level was over the legal limit with children lacking proper restraints and without a valid driver's license.

{¶17} Petrovich also argues that the court should have found he did not expect to cause harm pursuant to R.C. 2929.12(C)(3), which requires the court to consider whether the offender "cause[d] or expect[ed] to cause physical harm to any person or property." There is no question that Petrovich did cause serious physical harm to the victims. As to his expectation, Petrovich chose to voluntarily drive a vehicle while intoxicated, an act which could easily be anticipated to result in physical harm to a person or property.

{¶18} Finally, Petrovich argues that the Aggravated Vehicular Assault charges were elevated from a third to a second degree felony as a result of a license suspension, which arose from failure to pay child support "rather than a traffic related

6

incident." It is unclear why this would mitigate his conduct. R.C. 2903.08(B)(1)(a) allows for Aggravated Vehicular Assault to be charged as a second degree felony as a result of a license suspension and having a suspension is the exact conduct an offender would commit to be charged in that manner. Having a license suspended for child support "rather than a traffic related incident" does not make less serious Petrovich's conduct of driving without a license, while intoxicated, with child passengers in improper restraints.

{¶19} Petrovich also argues that the sentence ordered by the court was disproportionate to similarly situated defendants that had been brought to the court's attention at sentencing.

{¶20} In addressing arguments regarding the proportionality of sentences among similarly situated defendants, this court has repeatedly emphasized that "[a] consistent sentence is *not* derived from a case-by-case comparison[.]" (Emphasis sic.) *State v. Sari*, 11th Dist. Lake No. 2016-L-109, 2017-Ohio-2933, ¶ 52, citing *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-6705, ¶ 58. Instead, consistent sentencing is achieved when the trial court applies the statutory sentencing guidelines. *State v. Simpson*, 11th Dist. Lake No. 2016-L-014, 2016-Ohio-7746, ¶ 28. This rationale recognizes that "the goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve 'consistency' not 'uniformity.'" (Citation omitted.) *Id.*, citing *State v. Palicka*, 8th Dist. Cuyahoga No. 93766, 2010-Ohio-3726, 2010 WL 3169626, *2. "[I]n order to show a sentence is inconsistent with sentences imposed on other offenders, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing." *Sari* at ¶ 52.

7

{¶21} It is not necessary to compare whether the sentence in the present matter is the same or similar to the cases cited by Petrovich but only to determine whether the trial court properly performed its duty to apply the required sentencing factors. In relation to the felony sentences, the court stated that it considered the factors under R.C. 2929.11 and .12 and nothing in the record shows otherwise. Furthermore, Petrovich also fails to point to anything in the record demonstrating a lack of consideration of the misdemeanor sentencing factors, as will be addressed further below.

{¶22} Finally, the State addresses in its brief the trial court's failure to state its consideration of R.C 2929.22(B) misdemeanor sentencing factors for the OVI offense. Petrovich does not discuss misdemeanor sentencing law nor does he set forth an argument that the trial court erred in its application of R.C. 2929.22(B). Rather, his arguments relate to the court's failure to make a finding that the crimes were "less serious" under R.C. 2929.12(C) and that the sentence was disproportionate. To the extent that he generally argues there was an abuse of discretion in sentencing, the applicable standard for misdemeanor sentences, we will briefly address his OVI sentence.

{¶23} Misdemeanor sentencing is evaluated under an abuse of discretion standard of review. *State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449, ¶ 53. In sentencing a defendant for a misdemeanor, the trial court must consider the factors set forth under R.C. 2929.22(B), which include, inter alia, the nature of the offense, the offender's criminal history, risk of recidivism, and the vulnerability of the victim. R.C. 2929.22(B)(1)(a)-(g). In the case of misdemeanors, if the sentence is

8

within the statutory limit, even if there is a silent record, there is a presumption that the trial judge followed the statutory standards, since "there is no requirement that the court state on the record it considered the statutory sentencing criteria." (Citations omitted.) *State v. O'Keefe*, 11th Dist. Lake No. 2018-L-088, 2019-Ohio-841, ¶ 26.

**{¶24}** Here, the sentence for OVI was within the statutory limits and although the court did not reference R.C. 2929.22 at sentencing, Petrovich has not demonstrated an affirmative indication on the record that the court did not properly consider the misdemeanor sentencing factors or that it abused its discretion. *State v. McDonald*, 11th Dist. Ashtabula No. 2018-A-0008, 2018-Ohio-3845, ¶ 23.

**{¶25}** The first assignment of error is without merit.

**{¶26}** In his second assignment of error, Petrovich argues the trial court erred in failing to find the three counts of Aggravated Vehicular Assault were allied offenses since they resulted from the same conduct.

**{¶27}** Ohio's multiple counts or allied offenses of similar import statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25.

**{¶28}** "In determining whether offenses are allied offense of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the

9

conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus. "[T]wo or more offenses may result in multiple convictions if any of the following are true: '(1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.'" *State v. Jameson*, 11th Dist. Ashtabula No. 2014-A-0069, 2015-Ohio-4634, ¶ 11, citing *Ruff* at ¶ 25.

{¶29} Appellate courts review a determination on the issue of merger pursuant to R.C. 2941.25 under a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 245, ¶ 28.

{¶30} As held in *Ruff*, "[t]wo or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. It is not necessary, then, that the offenses be committed by separate actions of the defendant.

{¶31} Appellate courts addressing cases involving vehicular assault with multiple victims have held that, pursuant to *Ruff*, the offenses do not merge. *State v. Glover*, 12th Dist. Fayette No. CA2016-11-016, 2017-Ohio-7360, ¶ 21 (rejecting the argument that convictions should merge because they resulted from one collision where there were multiple victims who suffered physical injuries); *State v. Mullins*, 4th Dist. Scioto No. 15CA3716, 2016-Ohio-5486, ¶ 19 (convictions for two counts of vehicular assault did not merge when the defendant struck one car, injuring two victims). Similar arguments that offenses for aggravated vehicular assault and aggravated vehicular

10

homicide should merge when resulting from one incident have also been rejected. *State v. Rufus*, 8th Dist. Cuyahoga No. 105026, 2017-Ohio-5583, ¶ 14.

**{¶32}** Petrovich's conduct caused "separate, identifiable harm" to multiple victims. He was convicted for Aggravated Vehicular Assault for three victims, one adult and two children. Emily Misch suffered a torn artery in her neck, required 36 stitches, 14 staples, and multiple surgeries, and suffered a mini stroke. K.P. suffered a broken jaw, concussion, and permanent scarring on her face and head and T.P. had a broken jaw, ankle, clavicle, tailbone and pelvis.

**{¶33}** While recognizing the abundant authority for finding merger inapplicable in cases involving separate victims, Petrovich primarily relies on this court's opinion in *State v. Long*, 11th Dist. Lake No. 2017-L-094, 2018-Ohio-3013, in support of the conclusion that merger can be warranted even when there are separate victims. In *Long*, this court held that two Aggravated Burglary counts should have merged because although there were multiple occupants in the home that was burglarized, there was only one act of trespass. In so holding, this court noted that "the Aggravated Burglary statute is meant to enhance the seriousness of a trespass under circumstances where the offender raises the risk of harm to occupants of a structure" and "is not meant to criminalize an offender's conduct toward the occupants of the structure; rather, the prosecutor may charge the defendant with an assault offense to satisfy that interest." *Id.* at ¶ 69. In other words, this holding was particular to the offense of Aggravated Burglary. This court has found the existence of separate victims does not warrant merger in factual scenarios more similar to the present one, where there is a clear victim of an assault. *See Jameson*, 2015-Ohio-4634, at ¶ 18 (holding felonious assault

offenses against multiple victims of the defendant's act of shooting at an automobile should not merge). Thus, *Long* is distinguishable.

{¶34} The second assignment of error is without merit.

{¶35} For the foregoing reasons, Petrovich's sentence for Aggravated Vehicular Assault and OVI in the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

12