[Cite as *State v. Davenport*, 2022-Ohio-165.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-045 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| MALIK A. DAVENPORT, | |
| Defendant-Appellant. | Trial Court No. 2019 CR 000044 |

**O P I N I O N**

Decided: January 24, 2022
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward M. Heindel*, 2200 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (for Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}  Appellant, Malik A. Davenport, appeals the judgment sentencing him to an aggregate prison term of ten years.  We affirm.

{¶2}  In 2019, Davenport was indicted on the following six charges: (1) discharge of firearm on or near prohibited premises, a felony of the third degree, in violation of R.C. 2923.162(A)(3), with an attendant firearm specification pursuant to R.C. 2941.145; (2&3) two counts of improperly discharging a firearm at or into a habitation or school safety zone, a felony of the second degree, in violation of R.C. 2923.161(A)(1), with attendant

firearm specifications pursuant to R.C. 2941.145; (4) tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), with an attendant firearm specification pursuant to R.C. 2941.141; (5) having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2); (6) felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), with an attendant firearm specification pursuant to R.C. 2941.145.

{¶3} The charges arose from allegations that, in the early afternoon of December 27, 2018, Davenport fired multiple shots toward a vehicle driving on the roadway outside of his home. Three bullets entered the vehicle, and two bullets entered separate residences across the street. No physical injuries were sustained.

{¶4} Pursuant to a plea agreement, Davenport pleaded guilty to count two, which pertained to the shot fired into one residence; count three, which pertained to the shot fired into the other residence; and count six, which pertained to the shooting of the vehicle; together with the firearm specifications attendant to the third and sixth counts. The state agreed to move to dismiss the remaining counts at sentencing. The court accepted Davenport's pleas and referred the matter to the probation department for a presentence investigation and report, victim impact statement, drug and alcohol evaluation, and psychological exam.

{¶5} At sentencing, the trial court sentenced Davenport to a prison term of four years on count two, four years on count three, and four years on count six, to be served concurrently, in addition to a three-year mandatory prison term on the firearm specification attendant to count three and a three-year mandatory prison term on the firearm specification attendant to count six, to be served consecutively to each other and

2

to the terms imposed on the underlying offenses, for an aggregate prison term of ten years.

{¶6} In his first assigned error, Davenport contends:

{¶7} "The trial court erred when it failed to make the required consecutive sentence findings prior to imposing consecutive sentences."

{¶8} Davenport argues that because the trial court did not make the consecutive sentence findings required under R.C. 2929.14(C)(4), his sentence is contrary to law.

{¶9} R.C. 2953.08(G)(2) provides our standard of review for felony sentences:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶10} R.C. 2929.14(C)(4) provides that the trial court must make certain findings in order to impose consecutive sentences for convictions of multiple offenses. Here, Davenport argues that his sentences are contrary to law because the trial court did not make the R.C. 2929.14(C)(4) findings at sentencing or in the sentencing entry when ordering consecutive service on the sentences for the specifications.

3

Case No. 2021-L-045

{¶11} Here, however, consecutive service was not imposed pursuant to R.C. 2929.14(C)(4) but, instead, pursuant to R.C. 2929.14(B)(1) and (C)(1).

{¶12} R.C. 2929.14(B)(1)(a)(ii) provides:

> Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender * * * [a] prison term of three years if the specification is of the type described in division (A) of section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense[.]

{¶13} R.C. 2929.14(B)(1)(b) provides the general rule that, "[e]xcept as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." Assuming for purposes of discussion that Davenport's felonies were "committed as part of the same act or transaction," the exception in division (B)(1)(g) provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * felonious assault * * *, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

4

Case No. 2021-L-045

{¶14} Accordingly, because Davenport pleaded guilty to felonious assault, the trial court was required to impose sentence on both specifications. With respect to consecutive service, R.C. 2929.14(C)(1)(a) provides:

> Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed under [division (B)(1)(a)] consecutively to any other mandatory prison term imposed under [division (B)(1)(a)], * * * consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶15} Thus, consecutive service for each of the firearm specifications was mandated by statute. Davenport's argument that the trial court was required to make findings under R.C. 2929.14(C)(4) is misplaced, as that division "applies to 'multiple prison terms [that] are imposed on an offender for convictions of multiple *offenses*[.]'" (Emphasis sic.) *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 55 (8th Dist.), quoting R.C. 2929.14(C)(4). "A specification is a sentencing enhancement, not a separate criminal offense. Thus, '[b]y its own terms, R.C. 2929.14(C)(4) does not apply to penalty enhancing specifications.'" *Nitsche* at ¶ 55, quoting *State v. James*, 2015-Ohio-4987, 53 N.E.3d 770, ¶ 47 (8th Dist.). Moreover, R.C. 2929.14(C)(4), a general statutory provision regarding consecutive service, gives way to the more specific statutory provisions mandating consecutive service. *See State v. Prisby*, 11th Dist. Portage No. 2017-P-0012, 2017-Ohio-9340, ¶ 8 ("specific sentencing provisions are controlling over general sentencing statutes dealing with the same subject"). (Citation omitted.)

5

Case No. 2021-L-045

{¶16} Therefore, the trial court was not required to make the findings under R.C. 2929.14(C)(4) prior to imposing consecutive service for the sentences on the specifications.

{¶17} Accordingly, Davenport's first assigned error is without merit.

{¶18} In his second assigned error, Davenport argues:

{¶19} "The trial court erred by finding that the charges were not allied offenses of similar import."

{¶20} R.C. 2941.25 governs the imposition of punishment for multiple offenses:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶21} "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph three of the syllabus. "When a defendant's conduct victimizes more than one individual, the harm of one individual is separate, discrete, and identifiable from the harm suffered by another individual." *State v. Jameson*, 11th Dist. Ashtabula No. 2014-A-0069, 2015-Ohio-4634, ¶ 17, citing *Ruff* at ¶ 26. "In other words, each separate offense with a

6

different victim represents a crime of dissimilar import." *Jameson* at ¶ 17, citing *Ruff* at ¶ 26. "Under R.C. 2941.25(B), offenses of dissimilar import *cannot* merge, as a matter of law." (Emphasis sic.) *Jameson* at ¶ 17, citing *Ruff* at ¶ 25.

{¶22} Here, the counts to which Davenport pleaded each pertained to a separate victim, the two neighbors across the street, whose homes were shot, and the passing motorist, whose vehicle was shot. Davenport maintains that shooting several shots in succession constituted a single action. Even were this court to agree that Davenport's conduct constituted a single action, because the shots involved in the offenses here pertained to separate victims, the offenses could not merge as a matter of law. *See State v. Stanifer*, 11th Dist. Geauga No. 2016-G-0085, 2017-Ohio-2721, ¶ 88, quoting *State v. Swiergosz*, 197 Ohio App.3d 40, 2012-Ohio-830, 965 N.E.2d 1070, ¶ 40 (6th Dist.) ("'Although a defendant may have a single goal, if he commits multiple offenses, or even the same offense, against different victims during the same course of conduct, the offenses are not allied and could be separately punished.'").

{¶23} Therefore, Davenport's second assigned error lacks merit.

{¶24} The judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-L-045